**In the Matter of Steven C. BROWN.**

**No. 18S00–9501–DI–9.**

Supreme Court of Indiana.

Sept. 9, 1996.

Steven C. Brown, Jack Quirk, Muncie, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, Steven C. Brown, has been charged in a two-count *Verified Complaint for Disciplinary Action* with violating Rules 1.5(a), 1.5(c), 1.15(b), 8.4(b), and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind.Admission and Discipline Rule 23, Section 11(c), the parties have executed a *Statement of Circumstances and Conditional Agreement for Discipline,* which provides that the respondent should receive a sixty-day suspension from the practice of law for misconduct that occurred. That agreement is now before this Court for final resolution. Our disciplinary jurisdiction in this case arises from the respondent's admission to practice law in this state in 1986.

As to Count I, the parties agree that during relevant periods, the respondent was a partner in a four-member law firm in Muncie, Indiana. The firm's partnership agreement required each partner to pay into the partnership all fees received from clients. At the end of each year, expenses would be allocated to each partner on a *pro rata* basis and paid from the partnership account. Any balance of fees remaining after all expenses had been paid were distributed year-end to the earning partner. Contrary to the partnership agreement, in twelve separate instances the respondent received fees directly from clients for legal services rendered and failed to remit those fees to the partnership as required by the agreement. The result was that partnership financial records reflected inaccurate accounts payable balances and clients were billed for services for which they had paid in full. The total fees the respondent retained contrary to the partnership agreement amounted to about $3,700.

■ Indiana Professional Conduct Rule 8.4(b) provides that a lawyer shall not engage in an act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects. We find that the respondent violated Ind.Professional Conduct Rule 8.4(b) in that by wrongfully retaining client fees in contravention of the partnership agreement, the respondent committed an act, which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.

■ Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. By surreptitiously retaining for himself funds that he was bound to deposit into the partnership account, the respondent violated Prof.Cond.R. 8.4(c).

■ Pursuant to Count II, the parties agree that on March 5, 1993, a brother and sister (the "clients") retained the respondent to pursue, on behalf of their mother, a personal injury action against a nursing home. The clients agreed to a contingency fee arrangement with the respondent pursuant to which the respondent would retain as his fee 33⅓ percent of any amount recovered from the nursing home. On October 15, 1993, the respondent reached a $27,500 settlement with the nursing home. He placed the settlement funds in an interest-bearing attorney trust account. On February 22, 1994, the respondent forwarded to his clients a check drawn on the trust account in the amount of $17,046.33, which represented the total settlement amount less a Medicare subrogation lien of $1,264.67 and attorney fees of $9,200. On June 3, 1994, the respondent forwarded to a third-party collector of the Medicare subrogation lien a check for $948.51, which represented the total Medicare subrogation

lien less 25% attorney fees, or $316.16. In all, the respondent retained total attorney fees of $9,516.16, or approximately 34.6% of the total settlement. He never provided his clients with a written statement stating the outcome of the case and showing how final remittance to them was calculated, nor did he inform them of the excess attorney fees collected in their case due to a reduction of the Medicare subrogation lien. He also failed to inform the clients of the interest that accrued on the settlement proceeds held in his trust account and █ not disburse to them any portion of the interest that accrued.

A lawyer's fee must be reasonable. Prof. Cond.R. 1.5(a). The respondent and his clients agreed to a total attorney fee of 33⅓ percent of any amount recovered. The respondent ultimately recovered $27,500; thus, the fee to which he and his client agreed was approximately $9,166.67. In fact, the total fee he attempted to exact, without further explanation to his clients or any attempt at renegotiation, was $9,516.16. We therefore find that the fee the respondent attempted to retain was unreasonable because it amounted to over $300 more than the fee the clients had agreed to pay. Accordingly, we find that the respondent violated Prof.Cond.R. 1.5(a).

█ We find further that, by failing to provide his clients with a written statement of the outcome of the matter, including the method used to determine the amount of remittance to the clients, the respondent violated Prof.Cond.R. 1.5(c). By failing to promptly notify his clients of and to promptly deliver to them interest earned by the settlement funds held in the interest-earning trust account, the respondent violated Prof. Cond.R. 1.15(b).[1] We also find that by exerting unauthorized control over that interest income to which his clients were entitled, the respondent violated Prof.Cond.R. 8.4(b) and 8.4(c).

█ In concluding that a sixty-day suspension from the practice of law is appropriate in this case, the parties agree that several factors mitigate the severity of the respondent's misconduct. Among them are the respondent's complete restitution of all funds converted under Count I, and his return of approximately $350 to his clients in Count II, that amount apparently representing the excess of the fee he actually retained over the fee agreed to. They also indicate that the respondent's problems with alcohol contributed to his misconduct and that he has since voluntarily entered a treatment program and continues with aftercare treatment. Despite the respondent's steps toward atonement for his actions, the fact remains that, through deceitful means, he deliberately sought personal gain at the expense of his law partners and clients. His actions call into question his honesty, trustworthiness, and commitment to the protection of his clients' interests. We therefore conclude that his misconduct warrants a stringent sanction and therefore accept the agreed discipline.

It is, therefore, ordered that the respondent, Steven C. Brown, be suspended from the practice of law for a period of sixty (60) days, beginning October 14, 1996.

Costs of this proceeding are assessed against the respondent.

SELBY, J., not participating.

---

**1.** Professional Conduct Rule 1.15(b) provides: "Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."