**In the Matter of Kevin M. TRACY.**

**No. 98S00–9507–DI–807.**

Supreme Court of Indiana.

March 7, 1997.

Order Modifying Opinion April 18, 1997.

Kevin M. Tracy, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission and the respondent have tendered for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* offered in resolution of this disciplinary action. We approve the agreement, thereby finding that the respondent should be suspended from the practice of law in this state for a period of six months.

The respondent was admitted to the bar of this state in 1983, but in 1987 filed with the Clerk of this Court an "Exemption Affidavit," pursuant to Ind.Admission and Discipline Rule 23, Section 21(b), therein stating that he did not hold judicial office and that he was not engaged in the practice of law in this state. The effect of that affidavit was to remove the respondent from active status as an attorney in this state and relieve him of his obligation to pay, during the pendency of his inactive period, an annual attorney registration fee required under Admis.Disc.R. 23(21). Admis.Disc.R. 23(21)(b).[1] At the time of the events leading to the present disciplinary charges, the respondent resided in California but was not licensed to practice law in that state. The respondent did, however, routinely appear before the United States Department of Justice, Immigration and Naturalization Service ("INS") and in fact limited his practice to matters pending before that agency. To represent an individual before the INS under most circumstances, an attorney must be in good standing with the bar of the highest court of any state, possession, territory, commonwealth, or the District of Columbia and not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting that person in the practice of law. 8 C.F.R. Section 1.1(f); 8 C.F.R. Section 292.1. The respondent relied on his Indiana license as his basis to represent individuals before the INS.

The respondent maintained a personal checking account with a bank in California. Despite the fact that the account was not a client trust account, the respondent deposited checks he received from clients for filing fees into the account. Between October 1990 and August 1991, the respondent wrote eleven checks on the account in support of various petitions related to his clients' actions before the INS. All the checks were returned due to non-sufficient funds in the account. During investigation of this matter, the respondent informed the Commission that the

---

1. The exemption affidavit also, for the duration of his inactive status, relieved the respondent of his obligation to accumulate Continuing Legal Education credit and to report such credit to the Indiana Commission for Continuing Legal Education.

problems with the INS had been resolved and that he had reimbursed all monies owed to the INS for the dishonored checks. In fact, the respondent had only partially reimbursed the INS. Similarly, on July 24, 1991, a corporation presented the respondent with a check for $360 to cover attorney and filing fees. He deposited the check in his personal checking account on July 30, 1991. On July 26, 1991, the respondent wrote a check to the INS for $110, but that check was returned on August 9, 1991, and again on August 13, 1991, due to insufficient funds in the respondent's account.

We find that, by depositing client funds into his personal checking account, the respondent violated Rule 1.15(a) of the *Rules of Professional Conduct for Attorneys at Law.*[2] By falsely stating to the Commission that he had reimbursed the INS for all monies owed to it due to the dishonored checks, the respondent violated Ind.Professional Conduct Rule 8.1(a).[3] He violated Prof.Cond.R. 8.4(a) and (b) by violating or attempting to violate the *Rules of Professional Conduct* and by committing a criminal act which reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects.[4] By practicing law before the INS without having an active license to practice law before the highest court of any state, as required by INS regulations, the respondent violated Prof.Cond.R. 5.5(a).[5]

The respondent and the Commission have agreed that the respondent should be suspended from the practice of law for a period of six months for the misconduct occurring in this case.[6] In mitigation of the respondent's misconduct, the parties state that he has established an attorney trust account

and that he has had no checks dishonored by the INS for several years. Although we are encouraged that he has taken steps to remedy his unethical behavior, we view his transgressions as serious. His failure to segregate and protect client funds and later attempts to misinform the Commission about reimbursing the INS is especially troubling and leads us to conclude that a period of suspension is in order. It is, therefore, ordered that the respondent, Kevin M. Tracy, be suspended from the practice of law for a period of six (6) months, beginning April 14, 1997. At the conclusion of that period, he will be automatically reinstated to the practice of law, subject to the conditions set forth in Admis.Disc.R. 23(4)(c).

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23, Section 3(d) and to provide to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the Federal District Courts in this state, and to the clerk of the United States Bankruptcy Court in this state the respondent's last known address as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

## ORDER MODIFYING *PER CURIAM* OPINION

MYRA C. SELBY, Acting Chief Justice.

On March 7, 1997, this Court suspended the respondent for a period of six months, effective April 14, 1997, with automatic reinstatement thereafter, after finding that the respondent violated the *Rules of Professional Conduct for Attorneys at Law. In re*

---

**2.** Indiana Professional Conduct rule 1.15(a) provides, in relevant part:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person.

**3.** Professional Conduct Rule 8.1(a) provides:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not knowingly make a false statement of material fact.

**4.** Professional Conduct Rule 8.4(a) and (b) provides:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
. . .

**5.** Professional Conduct Rule 5.5(a) provides:

A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

**6.** As of the date of this opinion, the respondent has returned to active status as an attorney in this state.

*Tracy,* 676 N.E.2d 738 (Ind.1996). The respondent has now filed his *Request for Modification of Order of Suspension,* therein requesting that the effective date of his suspension be postponed so that he may continue to represent two specific clients until August 1, 1997.

And this Court, being duly advised, now finds that it is in the best interests of the respondent's clients to allow the respondent to continue to represent the two clients identified in his *Request for Modification.* Accordingly, we find that the *per curiam* opinion in this case, issued on March 7, 1997, should be amended accordingly.

IT IS, THEREFORE, ORDERED that the *per curiam* opinion issued in this case on March 7, 1997, is amended and that, his suspension notwithstanding, the respondent may continue to represent Abel Chavez–Cuevas, File No. A90–071–715, and Lorenzo Trinidad–Antonio, File No. A91–716–601, until August 1, 1997. This exception shall be for the sole purpose of allowing the respondent to provide legal services to the two aforementioned clients. The respondent's suspension from the practice of law as indicated by this Court's March 7, 1997 *per curiam* is otherwise to remain in full force and effect, and for all other interests and purposes his suspension shall commence on April 14, 1997. Six months from April 14, 1997, the respondent shall be automatically reinstated to the practice of law, provided he satisfies the requirements of Ind.Admission and Discipline Rule 23, Section 4(c).

The Clerk of this Court is directed to provide notice of this Order pursuant to Admis.Disc.R. 23, Section 3(d), and to provide to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the Federal District Courts in this state, and to the Clerk of the United States Bankruptcy Court in this state the respondent's last known address as it is reflected in the record of the Clerk.

DICKSON, SULLIVAN and BOEHM, JJ., concur.

SHEPARD, C.J., not participating due to his absence from Court conference.