In the Matter of James
Richard BARNES.

No. 73S00–9604–DI–283.

Supreme Court of Indiana.

March 6, 1998.

R.Daniel Craven, Indianapois, for respon-
dent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

■ Attorney James Richard Barnes, admitted to the bar of this state in 1984, has been charged in a three-count complaint for disciplinary action with neglecting the legal affairs of clients and failing to protect their interests upon termination of representation. A hearing officer appointed by this Court to hear this matter concluded that respondent Barnes engaged in misconduct as charged. This matter is now before us for final resolution. Where, as here, the findings of the hearing officer are unchallenged, we accept them with the understanding that we are the final arbiters of misconduct and sanction. *In re Gemmer,* 566 N.E.2d 528 (Ind.1991).

We now find that, under Count I of the complaint, a husband and wife (the "clients") retained the respondent in January 1994 to file a Chapter 13 bankruptcy petition on their behalf, paying him a retainer of $395. The respondent filed the desired petition on May 5, 1994. That same day, the bankruptcy court issued an order to complete filing which made the Chapter 13 plan due by May 20, 1994. Thereafter, the respondent failed to file the Chapter 13 plan, failed to appear at the meeting of creditors, scheduled for June 23, 1994, and did not respond to his clients' repeated attempts to learn the status of the case. On August 9, 1994, the bankruptcy court dismissed the clients' petition. The respondent never informed his clients of his inability to complete the representation, the possibility of substitute counsel, or the possibility that other counsel might be needed to complete the bankruptcy. The respondent stated that mental depression kept him

from completing the bankruptcy, but failed to inform his clients that his mental condition would prohibit him from prosecuting the action or that the clients should seek the assistance of substitute counsel.

■ We find that the respondent violated Ind.Professional Conduct Rule 1.3 by failing to diligently and promptly represent his clients by not filing the Chapter 13 plan and failing to attend the creditors' meeting.[1] He violated Prof.Cond.R. 1.4(a) by failing to return his clients' phone calls or to notify them of the status of their case.[2] He violated Prof.Cond.R. 1.16(a)(2) by failing formally to withdraw from the case once it became apparent that he would not complete the bankruptcy.[3] He violated Prof.Cond.R. 3.2 in that he did not make a reasonable effort to expedite the bankruptcy action.[4]

Under Count II, we now find that a client retained the respondent in the autumn of 1993 to represent him in two actions resulting from separate personal injury accidents. The respondent and his new client entered into a contingent fee agreement after the client provided the paperwork necessary to initiate the claims. Thereafter, the client attempted to contact the respondent and left several messages on his answering machine. In August of 1994, the client sent a certified letter to the respondent, which the respondent signed for on August 27. The letter chronicled the unanswered telephone calls and requested that the respondent either contact the client or forward the case information to him. The respondent failed to respond. By consulting another attorney, the client learned that the respondent held all the paperwork necessary to support the contemplated actions and further, that the statute of limitations had run for both actions. The respondent cited worsening de-

---

**1.** Indiana Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

**2.** Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**3.** Professional Conduct Rule 1.16(a)(2) provides, in relevant part, that a lawyer shall not represent

a client or, where representation has commenced, shall withdraw from representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

**4.** Indiana Professional Conduct Rule 3.2 provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

pression for his failure to communicate with his client, but did not inform the client of his declining mental condition or formally withdraw from the case.

■ By his conduct in Count II, the respondent violated Prof.Cond.R. 1.3, 1.4(a), and 1.16(a)(2).

Pursuant to Count III, we find that during 1994, the respondent represented an individual against criminal charges brought in Hamilton Superior Court. The respondent failed to appear at both a July 12, 1994, guilty plea hearing and an August 17, 1994, status hearing. Based on those absences, the court issued a rule to show cause and set it for hearing on September 28, 1994. The respondent appeared, was found to be in indirect contempt of court, ordered to pay $200 to a charity of his choice within 30 days, and was directed to provide proof to the court that he had paid the $200 or provide explanation for nonpayment. The respondent failed to do either, resulting in a second rule to show cause being issued and set for hearing in early January 1995. The hearing was never held because the respondent could not be located for service.

■ The respondent's failure to appear at the two scheduled hearings on behalf of his client in the criminal case, resulting in the court's resorting to the setting of two show cause contempt hearings, was prejudicial to the administration of justice. We therefore find that the respondent violated Prof. Cond.R. 8.4(d).[5]

■ When assessing an appropriate disciplinary sanction when attorney misconduct has been found, factors in aggravation or mitigation are among those we consider. *In re La Cava*, 615 N.E.2d 93 (Ind.1993). The hearing officer found several factors aggravating the respondent's neglect, including his failure to contact any of his former clients to express remorse for having allowed their cases to languish, failing to return case file materials to his clients, and the fact that his actions worked tangible legal harm on his clients. In mitigation, the hearing officer found that the respondent has no prior disciplinary record with this Court, that he admit-

ted his wrongdoing and was cooperative with the Commission, that he expressed remorse over his actions, and that his misconduct is likely partly attributable to his declining mental state at the time of the occurrences. Overall, the hearing officer concluded that the aggravating factors outweighed those in mitigation. He recommended suspension from the practice of law for a period of six months, with the requirement that the respondent formally petition this Court for reinstatement at the conclusion of that period.

■ We are not bound by the recommendation of the hearing officer; nonetheless, such a recommendation, arrived at after the hearing officer has the opportunity to observe the demeanor of the respondent, the sincerity of any expressed assertions of remorse, and other factors relevant to analysis of appropriate discipline, is accorded deference. The respondent's neglect was serious in that it harmed his clients and reflected dereliction of duty of an officer of the courts. We acknowledge the respondent's claim that depression contributed to his failure to act in the best interests of his clients. However, the respondent compounded his neglect by failing to take even rudimentary steps to ensure that his clients' interests were adequately protected after it became apparent to him that he was no longer able to function effectively as an attorney. We therefore agree with the hearing officer's insightful analysis and adopt his recommendation of sanction.

It is, therefore, ordered that the respondent, James Richard Barnes, be suspended from the practice of law for a period of not less than six (6) months, beginning April 13, 1998, at the conclusion of which he shall be eligible to apply for reinstatement to the bar of this state.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States

---

5. Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to

engage in conduct that is prejudicial to the administration of justice.

Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.