**In the Matter of Ida Katherine WARREN.**

No. 98S00–9802–DI–97.

Supreme Court of Indiana.

April 21, 1999.

Ida Katherine Warren, Pro Se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

The respondent, Ida Katherine Warren, is accused of failing to take significant action on behalf of clients in immigration-related matters and of refusing to refund unearned fees and to return certain case file materials. The respondent and the Indiana Supreme Court Disciplinary Commission, which filed the charges, have submitted for this Court's approval their *Statement of Circumstances and Conditional Agreement for Discipline.* *See* Ind. Admission and Discipline Rule 23, Section 11(c). We approve the agreement, which calls for the respondent's suspension from the practice of law in Indiana for at least one (1) year for engaging in the charged misconduct.

The respondent was admitted to practice law in Indiana in 1983 and, thus, is subject to the disciplinary authority of this Court. She practices law in the Washington, D.C., area.

In its *Verified Complaint for Disciplinary Action,* the Disciplinary Commission charged the respondent with six (6) counts of misconduct. The facts underlying these charges are not in dispute.

As to Count I, we find that a client hired the respondent in November 1994 to pursue permanent resident status for him. The client paid the respondent two hundred fifty dollars ($250.00). The respondent performed no work for the client and failed to communicate with him. The respondent did not respond to the client's demand for the return of his money or to his request for his file.

As to Count II, we find that a client retained the respondent in April 1993 to represent him before the Immigration and Naturalization Service. The client paid the respondent one hundred dollars ($100.00) to pursue an application for United States citizenship. The client thereafter was unable to contact the respondent, did not obtain citizenship through the respondent's efforts,

and was unsuccessful in his attempts to obtain papers from his file.

As to Count III, we find that a client retained the respondent and paid her $1,800 to represent him in a quest for permanent resident status. The respondent failed to take any action in that matter for three (3) years. The client demanded a refund of the $1,800, but the respondent returned only three hundred fifty dollars ($350.00) and thereafter failed to respond to the client's communications.

As to Count IV, we find that on May 18, 1996, a woman retained the respondent on behalf of the woman's brother, who was incarcerated in a federal facility and also held on a "detainer" from the Immigration and Naturalization Service. On that same date, the woman paid the respondent one thousand dollars ($1,000.00). The woman and her brother repeatedly attempted to communicate with the respondent after that payment, but the respondent failed to take any action on the brother's behalf. In January 1997, the respondent returned the one thousand dollars ($1,000.00) to the woman.

As to Count V, we find that a client retained the respondent to pursue a petition for immigration for the client's wife. The client paid the respondent three hundred fifty dollars ($350.00) for legal fees and eighty dollars ($80.00) for the filing fee. Although the respondent reported she had filed the appropriate paperwork with the Immigration and Naturalization Service, the client was unable to confirm that the filing had occurred, never received copies of that filing and never received the desired action from the Immigration and Naturalization Service. Despite repeated attempts to communicate with the respondent, the client was unable to reach her and could not obtain either his file or a refund of the four hundred thirty dollars ($430.00) which he had paid her.

As to Count VI, we find that in February 1996 a woman hired the respondent to assist the woman's husband, who was incarcerated in a federal correctional facility and facing deportation. In January 1997, the wife paid the respondent one thousand dollars ($1,000.00) based on the respondent's representation that she could arrange the transfer of the husband to a halfway house. The respondent did nothing to assist the husband and failed to respond to repeated requests for information about the matter. On October 12, 1997, after the client filed a grievance with the Disciplinary Commission, the respondent forwarded a money order for five hundred dollars ($500.00) and a personal check for five hundred dollars ($500.00) to the wife as restitution.

Shortly thereafter, the wife signed and sent a document to the Disciplinary Commission entitled "Request for Dismissal of Investigation." Although the respondent did not dictate, draft or type the "Request for Dismissal of Investigation," she asked the wife and the husband to communicate to the Disciplinary Commission their desire to terminate the investigation. The respondent's personal check for five hundred dollars ($500.00) made payable to the wife was returned due to insufficient funds. The respondent did not provide any further restitution to the wife or the husband, and the couple received no further communication from the respondent.

We find that as to all six counts of misconduct, the respondent violated:

1) Ind. Professional Conduct Rule 1.3 through her failure to act with reasonable diligence and promptness in representing her clients.[1]

2) Prof.Cond.R. 1.4(a) by failing to respond to reasonable requests for information from her clients.[2]

3) Prof.Cond.R. 1.4(b) by failing to keep her clients apprised so that they could

---

1. Prof.Cond.R. 1.3 provides that "(a) lawyer shall act with reasonable diligence and promptness in representing a client."

2. Prof.Cond.R. 1.4 provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

make informed decisions about the course of the representation.

As to Counts I, II, III, and V, we find the respondent violated Prof.Cond.R. 1.15(b) by failing to promptly deliver client funds to the client or render any sort of accounting for them upon the clients' demands.[3] As to Counts V and VI, we find the respondent also violated Prof.Cond.R. 8.1(b) by failing to respond to her clients' grievances.[4] As to Count VI, we find the respondent violated two additional rules: 1) Prof.Cond.R. 1.16(d), by failing to return the unearned portion of her fee upon termination of the representation;[5] and 2) Prof.Cond.R. 8.4(d), by engaging in conduct prejudicial to the administration of justice by suggesting that the client attempt to dismiss her grievance in exchange for a fee refund.[6]

■ Since we have found misconduct, we now must determine the appropriate sanction for it. The Commission and the respondent offer as a mitigating factor that the respondent has maintained a cooperative attitude throughout these proceedings. In aggravation, they note the respondent was the subject of prior disciplinary action for which she received a private reprimand in 1996. *In the Matter of Ida Katherine Warren,* Case No. 98S00–9506–DI–777. Weighing these factors, the Commission and the respondent agree that a suspension from the practice of law for at least one (1) year is appropriate.

Through her misconduct, the respondent has engaged in a pattern of significant neglect of her clients and their cases. Her clients entrusted important legal matters to her. She accepted their cases and their money and then failed to take any significant action on their behalf, sometimes for a period of years. Her clients attempted to contact her repeatedly to inquire about their cases but were unable to obtain any answers. In some instances, her clients were just as unsuccessful in obtaining their case files or a refund of money paid to respondent. Thus, not only were the clients' legal matters neglected, but the clients' ability to ascertain that neglect and make informed choices about correcting it also was impaired.

The respondent's failure to act when she had a duty to act extended to her personal legal matters. When two (2) clients filed grievances, the respondent failed to fulfill her obligation under Prof.Cond.R. 8.1(b) to respond to them. Instead, her only response was to engage in further misconduct—to attempt to secure a dismissal of one of the charges by offering a fee refund in violation of Prof.Cond.R. 8.4(d).

We have suspended attorneys who have engaged in a similar pattern of misconduct. *See, e.g., Matter of Barnes,* 691 N.E.2d 1225 (Ind.1998) (six-month suspension without automatic reinstatement where respondent was charged with three counts of client neglect); *Matter of Chovanec,* 695 N.E.2d 95 (Ind. 1998) (one-year suspension where respondent was charged with four (4) counts of neglect and mishandling of client funds). Given the number of charges of misconduct and the respondent's prior disciplinary history, a suspension of not less than one (1) year, as

---

**3.** Prof.Cond.R. 1.15(b) provides:

... Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

**4.** Prof.Cond.R. 8.1(b) provides in relevant part:
(A) lawyer in connection with ... a disciplinary matter, shall not ... fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority....

**5.** Prof.Cond.R. 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the extent permitted by other law.

**6.** Prof.Cond.R. 8.4(d) provides:

It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice....

suggested by the parties, appears commensurate with the respondent's misconduct.

Accordingly, the respondent, Ida K. Warren, is hereby suspended from the practice of law for a period of not less than one (1) year, beginning May 24, 1999. At the conclusion of that period, the respondent may petition this Court for reinstatement to the bar of this state, provided she can demonstrate compliance with the terms and conditions set forth in Admis.Disc.R. 23(18).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the U.S. District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.