### In the Matter of Steven C. BROWN

No. 18S00–9808–DI–466.

Supreme Court of Indiana.

July 21, 1999.

Steven C. Brown, Attorney at Law, Muncie, Indiana, for the Respondent.

Donald R. Lundberg, Indianapolis, Indiana, for the Indiana Supreme Court Disciplinary Commission Case.

### PER CURIAM

The Indiana Supreme Court Disciplinary Commission charged the respondent, Steven C. Brown, with professional misconduct as result of his failure diligently to represent and communicate with a client, his failure to protect the client's interests after termination of his legal representation, and his failure to respond to a lawful demand for information from the Commission. The respondent is a member of the bar of this state admitted October 10, 1986, though not cur-

rently in good standing due to his failure to abide by Continuing Legal Education requirements. The respondent has now submitted his *Affidavit of Consent to Discipline* whereby he admits the material facts in the Commission's *Verified Complaint for Disciplinary Action* underlying this action.

■ Adopting the admitted facts, we now find that on October 27, 1995, a client retained the respondent to assist her in obtaining financial assistance for medical treatment due to a work-related injury. The client delivered her original receipts, correspondence, and other original documents to the respondent. During November and December of 1995, the respondent actively pursued the client's claim. However, beginning in January 1996, through February 20, 1996, the client and her mother made numerous phone calls to the respondent's office in an attempt to determine the status of the case. The respondent failed to return a majority of these calls. On February 28, 1996, the client advised the respondent in writing that she was terminating his representation and that she desired to have her file returned to her or her mother. During early March 1996, the respondent closed his law office and did not notify the client. The respondent has not returned the client's file.

The client filed a request for an investigation with the Commission on March 7, 1996. The Commission sent two demand letters seeking a written response to the client's grievance in the spring of 1996. The second letter was sent certified mail and was signed for by the respondent or his agent on June 3, 1996. The respondent failed to respond to the Commission's demand for a response.

We find that the respondent violated Ind.Professional Conduct Rule 1.3 [1] in that he failed to act with reasonable diligence and promptness in representing the client; Prof. Cond.R. 1.4(a) [2] by failing to keep the client reasonably informed about the status of her claim; Prof.Cond.R. 1.16(d) [3] by failing to take steps reasonably practicable to protect the client's interest after being notified of the termination of his legal representation; and Prof.Cond.R. 8.1(b) [4] by knowingly failing to respond to a lawful demand for information from the Commission.

■ In light of the misconduct set out above, we must now determine an appropriate disciplinary sanction. In that analysis, we consider the nature of the misconduct, the duty violated, the lawyer's mental state, the actual or potential harm caused by the misconduct, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting the respondent to continue in the profession, and the existence of aggravating or mitigating circumstances. *Matter of Drozda,* 653 N.E.2d 991 (Ind.1995); *Matter of Cawley,* 602 N.E.2d 1022 (Ind.1992). Prior disciplinary offenses and a pattern of misconduct are aggravating factors that we consider in deciding what sanction to impose.[5] As for past misconduct, we note that in 1996, the respondent was suspended for 60 days for failing to place earned fees in a firm's partnership account according to an agreement and for charging an excessive fee. *Matter of Brown,* 669 N.E.2d 989 (Ind.1996). As noted above, he is currently not in good standing, being subject to a June 1997 administrative suspension for his failure to abide by CLE require-

---

**1.** Professional Conduct Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**2.** Professional Conduct Rule 1.4(a) provides:

A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**3.** Professional Conduct Rule 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering pa-

pers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**4.** Professional Conduct Rule 8.1(b) provides:

... [A] lawyer ... in connection with a disciplinary matter, shall not:
 (b) ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority ...

**5.** *See* ABA Standards for Imposing Lawyer Sanctions, *Standard 9.0.*

ments. He has submitted no factors in claimed mitigation.

The respondent abandoned his client's case without taking even the most rudimentary steps to protect her interests. His professional neglect did not end there—the Commission also became the victim of the abandonment of his professional obligations. Abandonment of a client's action and failure to protect the client's interests after termination of legal representation has warranted suspension from practice in other cases. *Matter of Barnes*, 691 N.E.2d 1225 (Ind. 1998) (neglect of several clients' cases, failure to return case file materials and harm to clients—six months); *Matter of Lamb*, 686 N.E.2d 113 (Ind.1997) (suspension of not less than one year for abandonment of practice and failure to refund fees). We find that the present misconduct, which reflects the respondent's total disregard of his fiduciary relationship with his client, coupled with the aggravating impact of his recent prior misconduct, warrants similar sanction.

It is therefore ordered that the respondent, Steven C. Brown, is hereby suspended from the practice of law for period of not less than six (6) months, beginning August 30, 1999. At the conclusion of that period, he may petition this Court for reinstatement to the practice of law, provided he can demonstrate compliance with the requirements contained in Ind.Admission and Discipline Rule 23(4).[6]

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk for each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.

6. To be fully reinstated, the respondent must also cure the CLE deficiencies leading to his present administrative suspension.