**In the Matter of Gary M. SPRAKER.**

No. 98S00–0006–DI–379.

Supreme Court of Indiana.

March 19, 2001.

Gary M. Spraker, pro se, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

This attorney discipline case arises from the respondent's faulty representation of 50 individuals in immigration cases. In those cases, Respondent Gary M. Spraker either neglected his clients' legal affairs,

provided bad legal advice to them, lied to the client or others, or engaged in some combination of such misconduct. Today we approve a *Statement of Circumstances and Conditional Agreement for Discipline,* submitted by the Disciplinary Commission and the respondent, calling for the respondent's suspension from the practice of law for at least two years for that misconduct.

The respondent is subject to the jurisdiction of this Court by virtue of his 1980 admission to practice law in Indiana. His Indiana license empowers him to engage in a multi-jurisdictional practice in immigration law. Thus, while the respondent's office is in a different state and the clients he harmed reside in that state, we are apparently the only place where action against his license can be taken. Our hearing officer reported that persuading these clients to come to Indiana for a hearing was proving difficult, in light of their special sensitivity to crossing borders. Accordingly, we authorized the hearing officer to conduct hearings in Illinois in the event that an evidentiary hearing should prove necessary. This was practical in light of our proximity to the site of the events. It is not always so. *See, e.g., Matter of Tracy,* 676 N.E.2d 738

(Ind.1997) (attorney licensed in Indiana but practicing before the Immigration and Naturalization Service in the state of California).

The verified complaint charges the respondent with 50 counts of misconduct, each involving a separate case or client of the respondent. We find that in counts 1 through 20, the respondent agreed to represent clients in immigration matters. In each of those cases, the respondent violated our *Rules of Professional Conduct for Attorneys at Law,* by, among other things, failing to take appropriate action or otherwise failing to provide competent representation; failing to advise the client properly; lying to or misleading clients, third parties, or the Commission; failing to attend hearings; failing to communicate with clients adequately; retaining unearned fees; charging unreasonable fees; engaging in conduct prejudicial to the administration of justice; failing to file timely appeals, and filing frivolous claims. His misconduct led to unnecessary delay, the deportment of some of his clients, and the loss of employment or income by others. Through this misconduct, the respondent violated Ind. Professional Conduct Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16(d), 2.1, 3.1, 3.4(c), 8.1(a), and 8.4(c) and (d).[1]

---

1. Prof.Cond.R. 1.1 requires attorneys to provide "competent representation" to clients. Prof.Cond.R. 1.2 provides in relevant part:
   (a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter....
   (d) A lawyer shall not counsel a client to engage or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.
   (e) When a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall consult with the client regard-

ing the relevant limitations on the lawyer's conduct.
Prof.Cond.R. 1.3 requires an attorney to act with reasonable diligence and promptness in representing clients.
Prof.Cond.R. 1.4 provides:
   (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
   (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
Prof.Cond.R. 1.5 requires that a lawyer's fee be reasonable.
Prof.Cond.R. 1.16(d) provides in relevant part:
   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and prop-

In counts 21 through 49, clients hired the respondent to assist them in obtaining permanent residency in the United States. The respondent charged each client $500. In each case, he submitted to the Immigration and Naturalization Service (INS) an application for permanent residency but failed to mark the appropriate box or reference on the INS form showing the grounds for relief asserted. In some cases he did provide written notations, such as "replenishment of farm worker" or "suspension of deportation," but these were not valid grounds for relief. The INS initially determined that the applications were without merit and issued notices of intent to deny relief. That action prompted a hearing before an immigration judge at which the client was to "show cause" why the client should not be deported. In each case, the respondent knew or should have known that the client was ineligible for permanent residency based upon the applications he prepared. The respondent filed the non-meritorious applications as a means of obtaining employment authorizations for his clients, without regard to the merits of the case. In fact, he ignored legitimate grounds for obtaining permanent residency status for some of his clients, including one client whose child was born in the United States. We find that the respondent, by filing frivolous applications for permanent residency, violated Prof.Cond.R. 3.1. His actions prejudiced the administration of justice, in violation of Prof.Cond.R. 8.4(d).

As to Count 50, we find that the respondent represented an Australian client seeking permanent residency in the United States. The client's father was a permanent resident. The respondent submitted an application for permanent residency for the client as the "unmarried son" of a permanent resident. While the matter was pending, the client married and, therefore, no longer qualified as an "unmarried son" of a permanent resident. At that point, the client should have left the United States and applied for a new visa to allow him to reenter the country on other grounds. The client did not leave, and the respondent failed to submit a new application. The respondent falsely claimed to the Commission that he had submitted the new application and that the INS had approved it. By the misstatement, the respondent violated Prof.Cond.R. 8.1(a) and 8.4(c).

The agreed sanction is a two-year suspension from the practice of law without automatic reinstatement thereafter. As a mitigating factor, the respondent and the Commission agree that the respondent experienced a very large influx of cases between 1995 and 1997 due to a change in immigration law. He was unable to properly manage the case volume which he accepted during the period.

erty to which the client is entitled and refunding any advance payment of fee that has not been earned....

Prof.Cond.R. 2.1 requires that a lawyer, in representing a client, "exercise independent professional judgment and render candid advice."

Prof.Cond.R. 3.1 provides:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

Prof.Cond.R. 3.4(c) prohibits an attorney from knowingly disobeying "an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

Prof.Cond.R. 8.1(a) prohibits attorneys from knowingly making a false statement of material fact in connection with a disciplinary matter.

Prof.Cond.R. 8.4 provides in relevant part:

It is professional misconduct for a lawyer to: . . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice.

A substantial pattern of client neglect generally warrants a significant period of suspension. *See, e.g., Matter of Warren,* 708 N.E.2d 873 (Ind.1999) (suspension for not less than one year for six counts of neglecting immigration matters, aggravating circumstance of prior discipline). Here the respondent's conduct went substantially beyond neglect. While the respondent here has never before been disciplined, his misconduct tainted the representation of some 50 clients, many of whom faced imminent legal consequences attaching to their entitlement to stay in this country. Given the seriousness of the misconduct, we approve the agreed sanction only because it is the product of an agreement.

It is, therefore, ordered that the respondent is hereby suspended from the practice of law in Indiana for not fewer than two (2) years, effective April 23, 2001. At the conclusion of that period, he may be reinstated to the practice of law in Indiana upon his successful petition pursuant to Ind.Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.