**In the Matter of Paul D. STANKO.**

No. 45S00–0412–DI–519.

Supreme Court of Indiana.

July 3, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** The Commission filed two counts of misconduct against the respondent.

The first involved his failure to inform a client of an adverse ruling by the Indiana Court of Appeals denying an appeal from a conviction of a class B felony for which he was sentenced to eight (8) years in prison. Respondent thereby denied his client the right to file for transfer to the Indiana Supreme Court.

The second count involved his failure to act with reasonable diligence to inform his client about a personal injury suit settlement and in failing to deliver the proceeds in a prompt manner. While representing his client in a personal injury action, his client filed for bankruptcy using an attorney other than the respondent. The insurance company delivered to the respondent a settlement check made payable to the Trustee in Bankruptcy. Respondent held the check for four months without delivering it to the Trustee. He ignored numerous phone calls from his client regarding the status of the settlement funds. Eventually, his client requested that the insurance company issue a stop payment order and re-issue and send a new check directly to the Bankruptcy Trustee. The insurance company complied with that request. The proceeds of the personal injury settlement were used to satisfy his client's creditors, pay the respondent a reduced contingency fee, and pay his client.

**Violations:** The respondent violated Prof.Cond.Rule.1.3, which requires that lawyers act with reasonable diligence and promptness; Prof.Cond.Rule.1.4(a), which requires that lawyers keep clients informed about the status of legal matters; Prof.Cond.Rule.1.4(b), which requires that lawyers explain a matter to the extent reasonably necessary to permit clients to make informed decisions regarding the representation; and Prof. Cond.Rule.1.15(b) (2004), which requires that lawyers promptly deliver a settlement check after its receipt.

The agreement between the Commission and the Respondent cited several mitigating factors, including some of the respondent's health problems, which may have been a contributing factor in respondent's actions. While illness may be a mitigating factor in determining the nature of a sanction, an attorney may not use illness as an excuse to violate the Professional Rules of Conduct. Clients are entitled to protection regardless of a lawyer's personal condition. An attorney compounds his neglect by failing to take steps to insure that his client's interests are protected after it becomes apparent that he is no longer able to function effectively as an attorney. *Matter of Barnes,* 691 N.E.2d 1225, 1227 (Ind.1998).

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the respondent, the Indiana Supreme Court Disciplinary Commission, and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.