In the Matter of Carlos A. RAZO.

No. 20S00–9610–DI–675.

Supreme Court of Indiana.

Dec. 16, 1999.

---

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

In six instances, the respondent, Carlos A. Razo, failed to represent diligently the interests of his clients. On some of those occasions, he failed to return to them requested case file materials or unearned legal fees. For that, we find today that he should be suspended from the practice of law.

This attorney disciplinary case comes before us upon the duly appointed hearing officer's findings of fact and conclusions of law. Because neither the respondent nor the Disciplinary Commission has petitioned this Court for a review of those findings and conclusions, this matter is now ripe for final resolution. Our jurisdiction here is conferred by the respondent's admission to the bar of this state in 1991.

As a preliminary note, we recognize that, due to the severity of the charges against him, the respondent has been suspended *pendente lit* e from the practice of law since October 21, 1997. *See* Ind.Admission and Discipline Rule 23(11.1)(b).

■ The Commission introduced no evidence as to Count I of the verified complaint for disciplinary action underlying this proceeding. As to Count II, we now find that the parents of a man convicted of child molesting hired the respondent to complete an appeal of that conviction after the death of the attorney who had been handling the case. Rather than pursue a direct appeal, the respondent chose to have the case remanded to the trial court for post-conviction relief proceedings. The trial court denied the subsequent petition for post-conviction relief on May 31, 1995. On July 7, 1995, the respondent filed a praecipe for appeal of that denial, but never notified the defendant or his parents that he filed the praecipe. Despite the parents' frequent attempts to contact the respondent, he failed to communicate with the parents about the status of the appeal, other than to inform them falsely that he had been granted several extensions of time to file it. The parents ultimately hired another attorney to file a petition for belated appeal of the denial of the petition for post-conviction relief, but the Court of Appeals denied that petition.

We find that, by his actions in Count II, the respondent violated Ind.Professional Conduct Rule 1.1 [1] by failing to file timely a praecipe for appeal of the trial court's denial of the defendant's petition for post-conviction relief. By failing to act with reasonable diligence and promptness in filing the praecipe for appeal, the respondent violated Prof.Cond.R. 1.3.[2] By failing to keep his client reasonably informed about the status of the contemplated appeal, the respondent violated Prof.Cond.R. 1.4(a).[3]

■ Under Count III, we now find that a client hired the respondent in early 1996 to update her will and draft a power of attorney. She paid the respondent a fee of $150 and gave him a copy of her existing will. Thereafter, she tried to reach the respondent on several occasions, but he failed to respond or acknowledge her attempts to contact him. On May 13, 1996, the client parked in front of the respondent's office and waited for him. When she spoke to him as he was leaving the office, the respondent told her that he thought he had already prepared the will and power of attorney and assured her that he would send to her a copy of each. The next day, the respondent telephoned the client and informed her that he had failed to save the documents on his computer, but that he would have new copies prepared and sent to her. When he failed to follow through, the client again tried on numerous occasions to contact him, but was unable to reach him.

By failing to prepare promptly the updated will and power of attorney for his client, the respondent under Count III violated Prof.Cond.R. 1.3. By failing to keep that client informed about the status of the work he was hired to do, and by failing to return her phone calls, the respondent violated Prof.Cond.R. 1.4(a).

■ Pursuant to Count IV, we now find that the parents of a defendant charged with aggravated battery and dealing in a sawed-off shotgun hired the respondent, paying him a fee of $900.

---

**1.** Indiana Professional Conduct Rule 1.1 provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**2.** Professional Conduct Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**3.** Professional Conduct Rule 1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

The defendant instructed the respondent to seek a bond reduction and to not continue the court dates. Despite those instructions, the respondent continued several trial dates without seeking his client's permission to do so and failed to seek a bond reduction. Instead of informing the defendant or his parents in advance of the continuation of trial dates, the respondent would meet them on the scheduled court date when they appeared for hearing and inform them of the continuance. Despite numerous attempts by the parents and the defendant to contact the respondent to inform him of their desire for a bond reduction and prompt court date, they were unable to reach the respondent in large part because he failed to respond to their telephone calls or letters. The father eventually resorted to firing the respondent because of his failure to follow their instruction regarding the objectives of the representation. The respondent never returned any portion of the fee paid to him for the representation, despite the fact that he sought neither bond reduction nor prompt hearing.[4]

By failing to abide by the defendant's instructions to seek a bond reduction and not to continue the trial settings, the respondent violated Prof.Cond.R. 1.2(a), which requires lawyers to abide by their clients' decisions regarding the objectives of representation, and to consult with clients about the means by which they are to be pursued.[5] By failing promptly or diligently to seek the bond reduction, the respondent violated Prof.Cond.R. 1.3. By failing to keep the defendant and his family adequately informed about the status of the case, the respondent violated Prof. Cond.R. 1.4(a).

■ Under Count V, we now find that a client hired the respondent to represent him at a sentencing hearing upon his conviction of being a habitual traffic offender, and to appeal that conviction. On January 12, 1996, the respondent filed a praecipe for appeal. Later, although a trial transcript was prepared, the respondent failed to file a record of proceedings with the Court of Appeals. The client and his wife tried to contact the respondent, but were never able to reach him. They learned that the respondent had closed his law office, disconnected his telephone, and moved without leaving any forwarding information. On one occasion, the client's wife by chance met the respondent in a bar, and used that opportunity to fire the respondent and ask for return of a $1,700 retainer they had paid to him as well as items from the client's file. The respondent refused to return to them case file materials to which they were entitled. Later, after they filed a grievance against the respondent and the Commission asked the respondent for a response to the allegations contained therein, the respondent failed to respond.

We find that the respondent violated Prof.Cond.R. 1.3 by failing promptly or diligently to pursue an appeal of his client's criminal conviction. By failing to keep his client apprised of the status of the contemplated appeal and failing to respond to his inquiries about the case, the respondent violated Prof.Cond.R. 1.4(a). After his termination from representing the client, the respondent failed to turn over to the client case file materials and unearned legal fees to which the client was entitled,

4. Although it is not necessary for a lawyer to obtain the client's desired outcome in order to be entitled to a fee for legal services, a lawyer should take some logical, tangible, substantive step toward resolution of the client's problem. *Matter of Schneider*, 710 N.E.2d 178, 181 (Ind.1999) (finding that an attorney's billing of a client when the attorney had taken no substantive step toward resolution of legal problem was indicative of unreasonable fee). Here, there is no evidence that the respondent

took any significant action on behalf of his client.

5. Professional Conduct Rule 1.2(a) provides, in relevant part:

A lawyer shall abide by a client's decisions concerning the objectives of representation, ..., and shall consult with the client as to the means by which they are to be pursued.

and thus violated Prof.Cond.R. 1.16(d).[6] By failing to respond to the Commission's demand for information during its investigation, the respondent violated Prof. Cond.R. 8.1(b).[7]

■ Pursuant to Count VI, we now find that on October 12, 1994, the respondent was appointed as appellate counsel to appeal a drug conviction. A trial transcript was completed and delivered to the respondent on October 26, 1994. The respondent took no action on the appeal during the next two years, and was finally discharged as counsel on the case on January 15, 1997.

By failing to act diligently or promptly to appeal his client's conviction, the respondent violated Prof.Cond.R. 1.3. By failing to keep his client adequately informed about the status of the case or promptly to respond to his client's requests for information about it, the respondent violated Prof.Cond.R. 1.4(a).

■ As to Count VII, we now find that the respondent represented a criminal defendant as court-appointed counsel. A jury convicted the defendant on January 2, 1995, and the respondent was appointed as counsel for any appeal. He filed a praecipe for appeal with the trial court clerk on January 3, 1995. The trial transcript was completed and delivered to the respondent on March 2, 1995. The respondent then did nothing further in pursuit of the appeal, but in June of 1996 informed the defendant that his appeal had been filed and was being considered by the Court of Appeals. On January 15, 1997, he was removed as appellate counsel. The respondent later again failed to respond to the Commission's request for a response to the grievance filed in reaction to his failure to act.

By failing to employ reasonable diligence and promptness in appealing his client's criminal conviction, the respondent violated Prof.Cond.R. 1.3. By failing to respond to the Commission's demand for a response to the grievance, the respondent violated Prof.Cond.R. 8.1(b).

■ We must now determine what discipline is appropriate for the respondent's misconduct. In so doing, we consider the fact that he has demonstrated a pattern of total abandonment of his clients' causes, without bothering to seek formal withdrawal or even to extend the professional courtesy of advance notice or truthful explanation to his clients. In some instances, he compounded the injury his clients suffered by failing to release to them case file materials or unearned fees to which they were entitled. His clients' mounting alarm apparently only persuaded the respondent, in certain circumstances, to fabricate excuses as to why the work was not done. By the time of hearing on the disciplinary complaint, the respondent abandoned even that tactic, and failed to appear at any proceeding in this matter. The respondent's neglect was severe, causing injury to his clients in the form of missed legal deadlines and the like. Based on these considerations, we conclude that he should be removed from the practice of law and readmitted only pursuant to the most stringent standards governing readmission.

---

6. Professional Conduct Rule 1.16(d) provides:

   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

7. Professional Conduct Rule 8.1(b) provides:

   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

It is, therefore, ordered that the respondent, Carlos A. Razo, be suspended from the practice of law in this state for a period of not fewer than three years, effective immediately. In order to be readmitted to the practice of law at the conclusion of that period, he must demonstrate to this Court his satisfaction of the requirements for reinstatement contained in Ind.Admission and Discipline Rule 23(4).

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of each United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.