ATTORNEY FOR THE RESPONDENT

Ronald Elberger
Judy L. Woods
Indianapolis, Indiana

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION

Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana

# In the

# Indiana Supreme Court

No. 49S00-0502-DI-36

IN THE MATTER OF

**DOROTHY J. THOMSEN** *Respondent.*

Disciplinary Action

**November 29, 2005**

*Per Curiam,*

The parties in this case have filed a Statement of Circumstances and Conditional Agreement for Discipline acknowledging that respondent violated Ind. Professional Conduct Rule 8.4(g), which prohibits a lawyer from engaging in conduct in a professional capacity manifesting, by words or conduct, bias or prejudice based upon race. The parties' agreement calls for a public reprimand, which we approve. Because this case is the first to arise under this section of our Rules of Professional Conduct, we write today for the benefit of the bar and the public.

Respondent represented the husband in an action for dissolution of marriage filed by his wife. Custody of the parties' children was at issue in the case. Respondent filed a Petition for Custody that stated in part:

> The wife continues to associate herself around town in the presence of a black male, and such association is causing and is placing the children in harm's way, as husband has been advised by neighbors of the wife and children. Said black male has resided at the home of the wife and children, for lengthy periods of time, while "fixing the computer." The behavior is placing the children in harms way and should be stopped immediately.

At a bench trial that was held on August 26, November 5, and December 10, 2003, respondent referred to the African-American man by his proper name on several occasions. However, respondent also referred to him as "the black guy" and "the black man". Further, when the wife testified that a "…black kid across the street [was] yelling racial slurs at them …", respondent replied, "Well, you're used to that. I mean you have them in your home." Additionally, when evidence was introduced about dead animals being placed on the wife's porch and in her yard, respondent asked, "[c]ould your animals or your dog have been killed as [sic] the problem that's been going on in the neighborhood with regard to the black man you had at your house?"

Because, as stipulated by the parties, respondent neither made nor substantiated any argument to the court that the man's race was relevant to the dissolution, her comments were unnecessary and inappropriate. Respondent's comments do not meet the standards for good manners and common courtesy, much less the professional behavior we expect from those admitted to the bar. Interjecting race into proceedings where it is not relevant is offensive, unprofessional and tarnishes the image of the profession as a whole.

Legitimate advocacy respecting race, gender, religion, national origin, disability, sexual orientation, age, socioeconomic status, or similar factors does not violate Prof.Cond.R. 8.4(g), but our decision here is based upon the parties' agreement that race was not relevant in this case; there was no legitimate reason underlying the comments made by respondent.

Respondent's misconduct is a significant violation and cannot be taken lightly. Respondent's comments only serve to fester wounds caused by past discrimination and encourage future intolerance. Unfortunately, we know that conduct of the type exhibited by respondent here is not an isolated occurrence. Our Commission on Race and Gender Fairness reported in 2002, that a significant minority of those surveyed had "… observed courtroom harassment and disparage-

2

ment on the basis of gender, ethnicity or race, …" Indiana Supreme Court Commission of Race and Gender Fairness, *Executive Report and Recommendations*, p.6, (2002). There is no place for such conduct in our courts.

We find that a public reprimand is appropriate under the circumstances presented by the parties. The respondent, Dorothy J. Thomsen, is publicly reprimanded for her misconduct.

Costs of this proceeding are assessed against the respondent.