**In the Matter of Laura Larson SULLIVAN.**

No. 64S00–0509–DI–423.

Supreme Court of Indiana.

July 18, 2006.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In Count I, clients hired respondent in November 2002 to file a Chapter 13 bankruptcy. The court dismissed this petition in August 2003, because respondent failed to file an amended plan as ordered by the court. To attempt to cure this situation, respondent filed a Chapter 7 bankruptcy in October 2003, but failed to file necessary schedules and a statement of financial affairs. As a result, the Trustee moved to dismiss the petition. Respondent received notice of the motion to dismiss, but did not inform the clients and failed to appear for the hearing. The court granted the motion to dismiss, with prejudice, on January 29, 2004. A dismissal with prejudice barred the clients from refiling for bankruptcy for 180 days. Despite this prohibition, respondent filed another Chapter 7 bankruptcy for the clients within the 180–day period. This petition was dismissed and a creditor began garnishment of the clients' wages. In June 2004, respondent convinced the Bankruptcy Court to re-open the clients' bankruptcy alleging that the deficiencies that led to the dismissal were not the clients' fault, but were caused by the respondent suffering from an undiagnosed "acute illness".

In Count II, a client hired respondent in September 2003, to file a bankruptcy. The client paid respondent $900 for attorney fees and $70 for a credit report. Respondent never filed the client's bankruptcy and failed to respond to the client's telephone inquiries. After the client filed a grievance, respondent refunded all fees and the cost of the credit report to the client. Respondent again cites her illness as the reason for her behavior.

In Count III, clients hired respondent to file a Chapter 7 bankruptcy, which respondent filed July 21, 2004. The petition did not include essential schedules, but respondent eventually corrected this deficiency. Respondent then learned that the clients had failed to include a creditor. Despite repeated phone calls, the clients were not able to contact respondent to discuss the omitted creditor. Unbeknownst to the clients, respondent had shut down her Michigan City office and disconnected its phone, thereby leaving only her home address and phone as a means for the clients to contact her. The creditor contacted the clients in January 2005 demanding payments. Respondent took no action until after the clients filed a grievance.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client and Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**Discipline:** Ninety (90) day suspension without automatic reinstatement.

The respondent has alleged that she suffers from a mental disability that resulted in her misconduct. As we have recently

noted, "While illness may be a mitigating factor in determining the nature of a sanction, an attorney may not use illness as an excuse to violate the Professional Rules of Conduct. Clients are entitled to protection regardless of a lawyer's personal condition. An attorney compounds his neglect by failing to take steps to insure that his client's interests are protected after it becomes apparent that he is no longer able to function effectively as an attorney. *Matter of Barnes,* 691 N.E.2d 1225, 1227 (Ind.1998)." *Matter of Stanko,* 849 N.E.2d 1143 (Ind.2006). Here, respondent has also refused to provide information concerning her diagnosis or treatment. As such, to protect the public and uphold the integrity of the profession it is essential that respondent establish her fitness to practice before being reinstated.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. The respondent is suspended for ninety (90) days, without automatic reinstatement, effective September 1, 2006. At the conclusion of her suspension, respondent may petition for reinstatement. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.