**In the Matter of: Stephen P. ECKERT.**

**No. 49S00–0611–DI–445.**

Supreme Court of Indiana.

May 25, 2007.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a four-count complaint against Respondent. After constructive service, Respondent did not respond, and the Commission filed a "Verified Petition for Judgment on the Complaint," which the hearing officer

granted. Under these circumstances, "the allegations set forth in the complaint shall be taken as true." Ind. Admission and Discipline Rule 23(14)(c). Thus, the hearing officer found the following allegations to be true. Neither party filed a petition for review. The Court commends the hearing officer for her thorough findings of fact and conclusions of law.

*Count 1.* In October 2000, D.H. hired Respondent to represent him for damages caused in a traffic accident. Beginning in September 2003, D.H. had trouble contacting Respondent, Respondent failed to inform D.H. of the status of the case, Respondent failed to appear at a court proceeding, Respondent made several representations about the case to the court that were not truthful, and the case was dismissed for lack of prosecution. In January 2005, D.H. was finally able to contact Respondent, who informed D.H. that his case was lost. Respondent offered to compensate D.H. for Respondent's failure to properly attend to his case, but Respondent did not advise D.H. to seek independent counsel. After D.H. filed a grievance against him, Respondent falsely told the Commission he did not represent D.H. during all times relevant to the grievance.

*Count 2.* In May 2000, A.M. (D.H.'s daughter) was injured while a passenger in a car. She hired Respondent to represent her. Beginning in spring or summer of 2003, A.M. had difficulty contacting Respondent. During telephone conversations with D.H. about his case, Respondent attempted to discuss A.M.'s case despite instructions from A.M. and D.H. not to do so. Respondent failed to appear at depositions and hearings, failed to respond to a motion for summary judgment, failed to respond to discovery requests, failed to inform A.M. of the status of the case, and eventually filed a motion to withdraw in May 2005. Because Respondent did not provide the court with A.M.'s current address, A.M. did not receive notice that the court granted the motion and rescheduled the matter for a pretrial conference. When A.M. failed to appear, her case was dismissed with prejudice.

*Count 3.* On July 26, 2004, J.S. paid Respondent a $5,000 retainer to assist him in purchasing a business. Respondent took no meaningful steps to assist in the proposed purchase, and in April 2005, Respondent returned only $1,000 of the retainer to J.S.

*Count 4.* C.B. hired Respondent to represent him in a lawsuit arising out of a traffic accident. Respondent filed a complaint on October 20, 2000. Respondent failed to appear at a pretrial conference on March 22, 2004, or at two subsequent Trial Rule 41(E) hearings. On August 12, 2005, the court dismissed the case for lack of prosecution. Respondent told C.B. he would appeal the dismissal, but failed to do so and stopped returning C.B.'s phone calls. When C.B. filed a grievance against Respondent, he did not respond until the Commission filed a petition to show cause.

**Violations:** The Court finds that Respondent violated the following Indiana Rules of Professional Conduct:

1.2(a): failing to abide by the client's decisions regarding the objectives of the representation,

1.3: failing to act with reasonable diligence and promptness,

1.4(a): failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information,

1.4(b): failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions,

1.6(a): revealing information relating to the representation of a client without the client's permission,

1.8(h)(2): attempting to settle a claim with a client without advising the client of the desirability of seeking independent legal advice,

1.16(d): failing to take steps to protect the client's interest upon withdrawing from representation,

3.3(a)(1): knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal,

8.1(a): knowingly making a false statement of material fact in connection with a disciplinary matter,

8.1(b): knowingly failing to respond to a lawful demand for information from a disciplinary authority,

8.4(a): attempting to violate the Indiana Professional Conduct Rules, and

8.4(c): engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** A lawyer must act with commitment and dedication to the interests of his or her clients. *See* Comment to Prof. Cond. R. 1.3. Similarly, communication between lawyer and client is essential to ensure that understands and can participate in his or her case, to prevent prejudice to the client's rights, and to preserve the trust and confidence that clients repose in their lawyers. It is essential that a lawyer's communications with clients, legal tribunals and the Commission be honest and trustworthy. Respondent's misconduct injured his clients and tarnished the reputation of the legal profession. Additionally, Respondent has previously been disciplined by this Court for other misconduct, and he has been under suspension since November 15, 2006, for failure to respond an order to show cause this Court issued because he failed to respond to a new grievance submitted to the Commis-sion. *See In re Eckert,* Cause No. 49S00–0609–DI–337.

Under these circumstance, to protect the public and the integrity of the legal profession, the Court concludes that Respondent should be suspended from the practice of law for not less than three years, and that this suspension may be lifted only if Respondent satisfies the stringent standards governing reinstatement by producing clear and convincing evidence of his fitness to resume the practice law. *See In re Razo,* 720 N.E.2d 719, 723 (Ind.1999).

Therefore, for his professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than three (3) years, effective immediately.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, rectifies the cause of his suspension in Cause No. 49S00–0609–DI–337, and proves by clear and convincing evidence the requirements for reinstatement under Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur.