In the Matter of Timothy A. SHULA, Respondent.

No. 49S00–0603–DI–90.

Supreme Court of Indiana.

July 26, 2007.

ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Agreed facts:** *Count 1.* A husband and wife hired Respondent in January 2000 to represent them on a contingency basis in a personal injury claim. Respondent filed suit, but over the next four years, he failed to make timely responses to discovery requests, and failed to respond to the clients' numerous attempts to communicate with him about the status of their case until after the clients filed a grievance against him on June 27, 2003. The case settled on June 18, 2004.

*Count 2.* A brother and sister hired Respondent in September 1999, on a contingency basis to represent them in pursuing claims against an intoxicated driver and their insurer for underinsured motorist benefits. Over the next several years, Respondent failed to make timely responses to discovery requests, delayed in selecting an arbitrator, failed to respond to the clients' numerous attempts to communicate with him, moved his office without notifying the clients, and allowed the insurer to close the clients' claim due to inactivity. After the clients filed a griev-

ance with the Disciplinary Commission on October 17, 2003, Respondent failed to respond to the Commission's demand for information until after this Court issued an order to show cause on February 26, 2004.

*Count 3.* A husband and wife hired Respondent on March 5, 2001, to handle a dog bite claim on a contingency basis, and Respondent filed suit on December 20, 2002. In the course of his representation, Respondent failed to communicate with the clients, failed to comply with the court's order to perfect transfer of the case to a proper venue, failed to appear at a hearing on a motion to dismiss, and failed to notify the clients about the resultant dismissal. On August 4, 2004, Respondent filed a motion to reinstate the case, which the court granted.

*Other facts.* After Respondent's clients filed grievances against him, he resumed work on their cases and was able to obtain good results for them. Respondent has not been sanctioned for any prior misconduct. Respondent provided evidence that depression may have been a substantial contributing cause of his misconduct.

**Violations:** The parties agree that Respondent violated the following Indiana Professional Conduct Rules:

1.3: Failing to act with reasonable diligence and promptness.

1.4(a): Failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law in this state for a period of not less than 90 days. This sanction is within the range imposed in other cases involving similar misconduct. *See, e.g., In re Sullivan,* 850 N.E.2d 908 (Ind.2006). The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, **the Court suspends Respondent from the practice of law in this state for a period of not less than 90 days, beginning August 31, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.