## In the Matter of Vincent M. CAMPITI, Respondent.

### No. 71S00–0807–DI–400.

Supreme Court of Indiana.

May 7, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** While representing a father at a child support modification hearing, Respondent made repeated disparaging references to the facts that the mother was not a U.S. citizen and was receiving legal services at no charge. These facts were irrelevant to the issues being considered at the hearing. Facts in aggravation are: (1) the mother felt that Respondent discriminated against her due to her noncitizen status; and (2) the remarks were made in a public courtroom. Facts in mitigation are that Respondent: (1) has no prior discipline; (2) cooperated with the Commission; (3) regrets his emotional involvement in the case and has made efforts to change his advocacy style; and (4) apologized to the grievant.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

Rule 4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass a third party.

Rule 8.4(g): Engaging in conduct, in a professional capacity, manifesting bias or prejudice based upon national origin and/or socioeconomic status, and this conduct was not legitimate advocacy.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline and imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.