### In the Matter of Dorothy J. THOMSEN, Respondent.

### No. 49S00-0901-DI-6.

Supreme Court of Indiana.

Aug. 21, 2009.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable K. Mark Loyd, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission's verified complaint charged two counts of misconduct. Respondent filed no answer despite being granted two extensions of time to do so. The Commission filed an application for judgment on the complaint. Respondent filed no response and failed to appear at a pre-trial hearing. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

Both counts of misconduct follow the same pattern of neglect. Clients retained Respondent in family law matters (a child support dispute and a paternity action) shortly before she underwent heart surgery in early 2007. Respondent thereafter failed to respond to clients' repeated attempts to contact her and requests for

information, she failed to take action on the cases, she failed to appear at hearings, she failed to withdraw her appearance, and she failed to refund unearned fees.

Respondent has been disciplined twice before, receiving a private reprimand in 2003, and receiving a public reprimand in 2005. *See Matter of Thomsen*, 837 N.E.2d 1011 (Ind.2005). On April 1, 2009, she was suspended from practice for failure to pay costs in the second case after being granted two extensions of time to pay.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep the client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Charging an unreasonable fee.

1.16(a)(2): Failure to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

1.16(d): Failure to refund an unearned fee promptly.

**Discipline:** It appears that Respondent's misconduct may have been caused in part by medical problems. Although illness may be a mitigating factor, it is not an excuse for professional misconduct. "Clients are entitled to protection regardless of a lawyer's personal condition." *Matter of Stanko*, 849 N.E.2d 1143, 1144 (Ind.2006). Moreover, Respondent has provided no information concerning her medical condition and current ability to practice law. To protect the public and uphold the integrity of the profession under these circumstances, it is essential that Respondent establish her fitness to practice before being reinstated. *See Matter of Sullivan*, 850 N.E.2d 908, 909 (Ind. 2006).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 120 days, without automatic reinstatement, effective immediately.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding and the prior proceeding in which costs remain owing, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.