**In the Matter of Daniel C. McCARTHY, Respondent.**

No. 41S00–0910–DI–437.

Supreme Court of Indiana.

Dec. 21, 2010.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Lisa F. Borges, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Neither party filed a petition for review of the hearing officer's findings of fact. Thus, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

Respondent was an officer of a title company who gave legal advice to the company and represented it in legal disputes. The title company became involved in a dispute regarding a cloud on the title of property subject to a sale agreement. At some point, the agent representing the seller directed his secretary to send an email to Respondent demanding that he arrange a meeting of all involved in the dispute. In response, Respondent sent an email to the secretary stating:

> I know you must do your bosses [sic] bidding at his direction, but I am here to tell you that I am neither you [sic] or his nigger. You do not tell me what to do. You ask. If you ever act like that again, it will be the last time I give any thought to your existence and your boss will have to talk to me. Do we understand each other?

The hearing officer found that the word "nigger" is a derogatory racist insult, that Respondent's use of the term was not simply a historical reference to slavery but rather manifested racial bias, that he was acting as an attorney when he sent the email, and that his use of the term was not connected to legitimate advocacy. Respondent has received a prior 30–day suspension with automatic reinstatement for unrelated misconduct. *See Matter of McCarthy,* 668 N.E.2d 256 (Ind.1996).

**Violation:** The Court finds that Respondent violated Professional Conduct Rule 8.4(g), which prohibits engaging in conduct, in a professional capacity, manifesting bias or prejudice based upon race, unless the conduct constitutes legitimate advocacy.

**Discipline:** Remarks like those of Respondent's "serve only to fester wounds caused by past discrimination and encourage future intolerance." *Matter of Thomsen,* 837 N.E.2d 1011, 1012 (Ind.2005). In

*Thomsen* and two other prior cases involving violations of Rule 8.4(g), this Court gave the respondents public reprimands. *See Matter of Kelley,* 925 N.E.2d 1279 (Ind.2010); *Matter of Campiti,* 905 N.E.2d 408, *amended,* 937 N.E.2d 340 (Ind.2009). In those three cases, however, the attorneys admitted their misconduct and consented to discipline, and in two of the cases (*Kelley* and *Campiti* ), the attorney had no prior disciplinary history and apologized to the aggrieved person.

By contrast, in the current case, Respondent vehemently denies committing any misconduct, has offered no apology or other indication of remorse, and has a prior disciplinary suspension. We therefore conclude that a period of suspension is warranted and that Respondent should go through the reinstatement process to prove his understanding of his ethical duties and remorse before resuming practice.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 30 days, without automatic reinstatement, beginning January 28, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

SHEPARD, C.J., and DICKSON, RUCKER, and DAVID, JJ., concur.

SULLIVAN, J., concurs and dissents, agreeing with the Court's finding of misconduct but believing that a sanction less severe than suspension without automatic reinstatement is warranted.