**In the Matter of Beau J. WHITE, Respondent.**

No. 27S00–1109–DI–582.

Supreme Court of Indiana.

July 9, 2012.

*PUBLISHED ORDER GRANTING PETITION TO RECONSIDER DISCIPLINE*

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on September 28, 2011. Respondent was served by certified mail and did not appear or respond. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). Respondent did not file a petition for review or a brief on sanctions. On March 13, 2012, the Court issued an order suspending Respondent for not less than 60 days, without automatic reinstatement, beginning April 20, 2012.

On April 12, 2012, Respondent filed a "Petition for the Court to Reconsider Discipline Sanctions for Undisputed Attorney

Misconduct" in which he acknowledges his misconduct but asks the Court to allow automatic reinstatement at the conclusion of his 60–day suspension. Briefly, he asserts:

- When he received the Commission's demand for a response to the client's grievance, he was undergoing intensive inpatient therapy for substance abuse issues he had self-reported to the Indiana Judges and Lawyers Assistance Program ("JLAP").

- After receiving an extension of time from the Commission, Respondent provided a response to the grievance in which he admitted his misconduct and outlined the steps he had taken to address his substance abuse issues.

- After the Commission filed its verified complaint against him, Respondent informed the Commission that he would not be contesting the allegations of misconduct. He complied with a subpoena duces tecum after the complaint was filed.

- Respondent did not intend to disregard this disciplinary matter. He incorrectly believed that the Court would be aware of his cooperation with the Commission, including his admission of wrongdoing, and his steps in dealing with his substance abuse issues, and that the Court would consider these factors in addressing what discipline was appropriate.

On May 21, 2012, the Commission filed a response objecting to reconsideration of the discipline, citing particularly the fact that Respondent had still not refunded a $400 fee he owes to a client. Respondent filed no reply to the Commission's objection.

Upon review of the parties' submissions, the Court concludes that Respondent has demonstrated sufficient grounds for modification of the discipline imposed in this case. However, given Respondent's admitted history of substance abuse, we conclude that Respondent's suspension should be followed by a period of probation with monitoring by JLAP.

The Court therefore revises its March 13, 2012, order, and imposes the following discipline: For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning April 20, 2012, with at least 60 days actively served and the remainder stayed subject to completion of at least 24 months of probation** on the following terms:

(1) Respondent shall enter into a monitoring agreement with JLAP within 30 days of the date of this order, on terms acceptable to JLAP. The beginning date of Respondent's 24–month probation shall be the date the monitoring agreement takes effect. Respondent shall file with the Court a notice of his compliance with this provision within ten days of the effective date of the monitoring agreement.

(2) Respondent shall refund the $400 fee owing to his client within 30 days of the date of this order and shall provide the Commission with proof of such payment within ten days of the payment.

(3) Respondent shall comply strictly with all terms of his probation and shall have no violations of the JLAP monitoring agreement, the law, or the Rules of Professional Conduct during his probation.

(4) If Respondent violates his probation, the balance of the stayed suspension shall be actively served, and Respondent thereafter automatically reinstated.

(5) Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is termi-

nated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The remainder of the Court's March 13, 2012, order shall remain in effect.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.