**In the Matter of Kjell P.
ENGEBRETSEN,
Respondent.**

No. 06S00–1111–DI–646.

Supreme Court of Indiana.

Oct. 29, 2012.

*PUBLISHED ORDER FINDING MIS-
CONDUCT AND IMPOSING DIS-
CIPLINE*

Upon review of the report of the hearing officer, the Honorable Thomas G. Fisher, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On November 2, 2011, the Commission filed a 106–paragraph complaint consisting of six counts alleging misconduct occurring from 2006 through 2011. The Commission charged Respondent with neglecting clients' cases, failing to do the work for which he was hired, failing to communicate with clients, failing to inform clients that medical problems would severely limit his ability to represent them, failing to inform clients of court orders and hearings, failing to appear at hearings and a pretrial conference, unilaterally terminating his representation of clients without protecting the clients' interests, failing to refund unearned fees, and failing to cooperate with the Commission. Respondent was served with the complaint and did not respond. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

The hearing officer found the following facts in aggravation: (1) Respondent has a history of noncooperation with the Commission and suspensions (described below); (2) he engaged in a chronic and widespread pattern of neglect that affected his clients, the courts, and other attorneys; (3) his misconduct severely damaged the public's perception of the profession; (4) his misconduct caused great harm to his clients, some of whom were extremely vulnerable due to incarceration or limited financial means; and (5) he has shown no remorse and has displayed utter indifference to paying restitution to his clients. Although there were indications that Respondent may have suffered from depression or other illness that contributed to his

misconduct, the hearing officer found the evidence to be insufficient to find any facts in mitigation.

Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

**History of noncooperation and suspensions.** Respondent has the following history of noncooperation with the Commission and suspensions:

06S00–0807–DI–399: Show cause petition filed 07/21/08. Suspended for noncooperation 11/06/08. Reinstated on certificate of compliance 11/19/08.

06S00–0904–DI–159: Show cause petition filed 04/16/09. Dismissed with costs 5/12/09.

Continuing legal education noncompliance suspension, 05/05/09; reinstated 5/18/09.

Dues nonpayment suspension, 05/05/09; reinstated 5/18/09.

Suspension order for failure to pay costs, 3/19/11. **Still in effect.**

06S00–1106–DI–346: Show cause petition filed 6/16/11. Suspended for noncooperation 9/2/11. Converted to indefinite suspension 5/25/12. **Still in effect.**

06S00–1109–DI–558: Show cause petition filed 9/14/11. Show cause order entered 9/19/11. Dismissed as moot due to other suspension 5/30/12.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failure to protect a client's interests upon termination of representation.

1.16(d): Failure to refund an unearned fee upon termination of representation.

3.2: Failure to expedite litigation consistent with the interests of a client.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** Respondent's serial misconduct injured his clients and tarnished the reputation of the legal profession. Respondent is already under two suspension orders and failed to appear or in any way respond to the current charges against him. Although Respondent's medical problems may have contributed to his misconduct, such problems do not excuse misconduct, *see Matter of Thomsen*, 911 N.E.2d 575 (Ind.2009), and Respondent presented no evidence on the issue. Under these circumstances, to protect the public and the integrity of the legal profession, the Court concludes that Respondent should be suspended from the practice of law for not less than three years. *See Matter of Eckert*, 867 N.E.2d 141 (Ind. 2007).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Re-

spondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents regarding the discipline, believing it to be insufficient, and would disbar Respondent.