**In the Matter of Joseph B. BARKER, Respondent.**

**No. 55S00–1008–DI–429.**

Supreme Court of Indiana.

Sept. 6, 2013.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Kimberly J. Brown, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional mis-

conduct and imposes discipline on Respondent.

**Facts:** The salient facts are stipulated or otherwise undisputed. Respondent represented a client ("Father") in a dissolution action in which Father's ability to exercise parenting time became an issue. On August 26, 2009, Respondent sent a letter to the attorney for the child's mother ("Mother") that said:

> [Father] told me this week that he has only seen his baby ... one day all year. Your client doesn't understand what laws and court orders mean I guess. Probably because she's an illegal alien to begin with.
>
> I want you to repeat to her in whatever language she understands that we'll be demanding she be put in *JAIL* for contempt of court.
>
> I'm filing a copy of this letter with the Court to document the seriousness of this problem.

(Emphasis in original.) The letter was also sent to the judge presiding in the dissolution case.

**Violations:** The Commission charged Respondent with violating these Indiana Professional Conduct Rules prohibiting the following misconduct:

4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass, delay, or burden a third person.

8.4(g): Engaging in conduct, in a professional capacity, manifesting bias or prejudice based upon race, gender, religion, national origin, disability, sexual orientation, age, socioeconomic status, or similar factors, and this conduct was not legitimate advocacy.

Respondent argues that it was legitimate advocacy to connect Mother's alleged violation of immigration laws with her violation of Father's court-ordered visitation rights. However, regardless of the frustration Respondent might have felt in the circumstances, we conclude that accusing Mother of being in the country illegally is not legitimate advocacy concerning the legal matter at issue and served no substantial purpose other than to embarrass or burden Mother. The Court therefore concludes that Respondent violated both Rule 4.4(a) and Rule 8.4(g) as charged.

**Discipline:** While it is a mitigating fact that Respondent has no disciplinary history, the Respondent's misconduct is aggravated by the fact that he has no insight into his misconduct, he has not apologized to Mother, and he has substantial experience in the practice of law. Under these circumstances, the Court concludes that a period of suspension is required. *See Matter of McCarthy,* 938 N.E.2d 698 (Ind. 2010).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning October 14, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.