NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Julie E. Bennett, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Sep 05 2017, 11:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 27S00-1703-DI-131

IN THE MATTER OF:

BEAU J. WHITE,

*Respondent.*

Attorney Discipline Action
Hearing Officer R. Scott Hayes

**September 5, 2017**

**Per Curiam.**

We find that Respondent, Beau White, committed attorney misconduct in connection with his representation of a client and by failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be suspended for at least three years without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Disciplinary Complaint." Respondent's 1999 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Procedural Background and Facts**

The Commission filed a "Verified Disciplinary Complaint" against Respondent on March 8, 2017. Respondent was served with the complaint but has not appeared, responded, or otherwise participated in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Count 1. Respondent was hired to represent "Client 1" in a criminal case. Thereafter, Respondent did very little work on the case, was unable to be reached by Client 1 until immediately prior to trial, and appeared on the morning of trial with very little material. Client 1 indicated to the judge she was not comfortable proceeding with Respondent and explained why. The judge continued the matter even though a jury panel was waiting outside the courtroom. The judge also filed a request for investigation of Respondent with the Commission. Respondent failed to timely respond to the Commission's inquiries during that investigation, leading to the initiation of show cause proceedings.

Count 2. Respondent was hired to represent "Client 2" with respect to paternity and child support issues. Client 2 was unable to reach Respondent after the retainer was paid. Eventually, Client 2 filed a request for investigation of Respondent with the Commission. Respondent failed to timely respond to the Commission's inquiries, leading to the initiation of additional show cause proceedings.[1]

---

[1] All told, nine separate show cause proceedings have been initiated against Respondent since 2014, the latter five of which remain pending. Also separately pending against Respondent is a "Notice of Finding of Guilt and Request for Suspension" filed by the Commission in Case No. 27S00-1706-DI-416, based on Respondent's felony drug conviction earlier this year.

The hearing officer cited as aggravating factors Respondent's disciplinary history and his substantial experience in the practice of law, found no evidence in mitigation, and recommended that Respondent be suspended without automatic reinstatement.

**Discussion**

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3:  Failing to act with reasonable diligence and promptness.

1.4(a)(4):  Failing to comply promptly with a client's reasonable requests for information.

8.1(b):  Failing to respond in a timely manner to the Commission's demands for information.

8.4(d):  Engaging in conduct prejudicial to the administration of justice.

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

Respondent has prior discipline for similar misconduct, *see* Matter of White, 969 N.E.2d 3, *modified by* Matter of White, 970 N.E.2d 145 (Ind. 2012), and was on probation for that misconduct during the period at issue here.  Respondent has a lengthy record of past and present noncooperation with various disciplinary investigations initiated against him, comprising four concluded and five pending show cause proceedings.  Respondent has been administratively suspended six times since 2008 – four times for nonpayment of dues and twice for failure to pay costs – and he is currently suspended for failure to pay costs.  Respondent has progressively absented himself from the multiple show cause proceedings against him and has wholly failed to participate in these disciplinary proceedings.  All of these factors persuade us that a lengthy

3

suspension without automatic reinstatement is necessary to protect the public and preserve the integrity of the legal profession.

## Conclusion

Respondent already is under suspension for failure to pay costs imposed in a separate disciplinary matter. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective immediately. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

Massa, Slaughter, and Goff, JJ., concur.

Rush, C.J., and David, J., dissent, believing that the Respondent is deserving of a significant period of suspension or disbarment.