



FILED
Nov 16 2018, 10:12 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-DI-299

## In the Matter of
## Tia R. Brewer,
*Respondent.*

---

Decided: November 16, 2018

Attorney Discipline Action

Hearing Officer Emily C. Guenin-Hodson

---

**Per Curiam Opinion**

Chief Justice Rush, Justice David, Justice Massa, and Justice Slaughter concur.
Justice Goff did not participate.

**Per Curiam.**

We find that Respondent, Tia R. Brewer, committed attorney misconduct by, among other things, neglecting clients' cases, failing to appear at show cause hearings, failing to withdraw from cases when her abuse of cocaine rendered her unable to assist her clients, committing a crime that reflects adversely on her fitness as a lawyer, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be suspended for at least three years without automatic reinstatement.

The matter is before us on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 2004 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on May 30, 2018. After service by certified mail at Respondent's address was unsuccessful, constructive service was made upon the Clerk as Respondent's agent pursuant to Admission and Discipline Rule 23(23.1)(c). Respondent has not appeared or responded in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

**Counts 1 through 11.** Respondent was hired by eleven separate clients to represent them in various criminal and family law cases. She neglected each case. Respondent failed to keep one client informed

regarding the status of the client's case and failed to inform three clients that Respondent was not going to attend a hearing prior to her failure to attend. She failed to return a client's file after being terminated. She missed the deadline to file an Appellant's Brief, resulting in dismissal of the client's appeal, though the Court of Appeals later allowed a belated appeal.

Respondent failed to attend hearings in nine of the cases, two of which were final hearings in family law matters. Respondent's failure to attend hearings resulted in three show cause proceedings against her. Respondent appeared at one show cause hearing and admitted she was suffering from personal issues. In the other two, Respondent failed to appear. After the court entered a bench warrant against Respondent in one case, Respondent appeared and admitted she had not appeared for a change of plea hearing or the show cause hearing because she was voluntarily intoxicated at the time. Respondent has admitted to abusing cocaine during much of this period, rendering her unable to assist her clients.

**Count 12.** On May 26, 2017, when the bench warrant was served on Respondent, she was incoherent and impaired. Law enforcement found cocaine, marijuana, and drug paraphernalia in Respondent's possession. She was charged with one Level 6 felony and two misdemeanors. She pled guilty to possession of cocaine as a Level 6 felony, though the trial court entered a judgment of conviction for a misdemeanor.

**Count 13.** On June 12, 2017, the Commission sent Respondent a demand for a response to an investigation. After receiving no response, the Commission filed a motion for rule to show cause as to why Respondent should not be suspended for non-cooperation. This Court ordered Respondent to respond within ten days. Only then did Respondent comply. Thereafter, the Court granted the Commission's motion to dismiss the show cause petition and ordered Respondent to reimburse the Commission $519.89.

The hearing officer cited as an aggravating factor Respondent's prior discipline and found no evidence in mitigation. The hearing officer

recommended Respondent be suspended from the practice of law for three years without automatic reinstatement.

## Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.16(a)(2): Failure to withdraw from representation when the lawyer's ability to represent the client is impaired.

1.16(d): Failure promptly to return to a client case file materials to which the client is entitled after termination of representation.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See Matter of Newman*, 958 N.E.2d 792, 800 (Ind. 2011).

Respondent was previously disciplined by public reprimand for failing to perfect an appeal for a client. *See In re Brewer*, 907 N.E.2d 965 (Ind. 2009). In 2017, Respondent was the subject of two show cause proceedings.

Respondent currently is under an interim suspension due to her conviction for a crime punishable as a felony, *see* Ind. Admission and

Discipline Rule 23(11.1)(a), and an administrative suspension for noncompliance with continuing education requirements.

Respondent's misconduct includes the neglect of multiple clients' cases, the commission of a crime that reflects adversely on her fitness to practice law, and the failure to withdraw from cases when her drug abuse rendered her unable to represent clients. She has failed to accept responsibility for her misconduct and elected not to participate in these disciplinary proceedings.

"One of the functions of the disciplinary process is to protect the public from attorneys who are, for whatever reason, unfit to practice law." *Matter of Wright*, , 648 N.E.2d 1148, 1150 (Ind. 1995). Misconduct of the magnitude here has resulted in a lengthy suspension or disbarment. *See Matter of White*, 81 N.E.3d 211 (Ind. 2017); *Matter of Pierce*, 80 N.E.3d 888 (Ind. 2017); *Matter of Engebretsen*, 976 N.E.2d 1225 (Ind. 2012); *Matter of Powell*, 893 N.E.2d 729 (Ind. 2008). The Commission has not sought disbarment in this case. The hearing officer recommended that Respondent be suspended for three years without automatic reinstatement. We agree with the hearing officer's recommendation. After the suspension period, Respondent may be reinstated only after proving by clear and convincing evidence all of the factors enumerated in Admission and Discipline Rule 23(18)(b), which include genuine remorse for her misconduct, exemplary conduct since the discipline was imposed, and her fitness to practice law.

## Conclusion

Respondent already is under interim and administrative suspensions. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for not less than three years, without automatic reinstatement, effective immediately. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

Rush, C.J., and David, Massa, and Slaughter, JJ., concur.
Goff, J., did not participate.

NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Aaron Johnson, Staff Attorney