ATTORNEY FOR THE RESPONDENT
Pro se

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Seth T. Pruden, Staff Attorney
Indianapolis, Indiana



FILED
Jan 12 2012, 3:22 pm
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 32S00-1005-DI-230

IN THE MATTER OF:

AUGUSTUS J. MENDENHALL,

*Respondent.*

Attorney Discipline Action
Hearing Officer Christopher L. Burnham

**January 12, 2012**

**Per Curiam.**

We find that Respondent, Augustus J. Mendenhall, engaged in attorney misconduct by committing criminal acts, including attempted murder, that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. For this misconduct, we find that Respondent should be permanently disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 2008 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

## Background

The hearing officer filed his report on June 21, 2011, in which he found that Respondent had been convicted as guilty but mentally ill of, and sentenced to 40 years imprisonment for, attempted murder, a class A felony; aggravated battery, a class B felony; armed robbery, a class B felony; criminal confinement, a class B felony; and resisting law enforcement, a class A misdemeanor. The hearing officer concluded that Respondent had violated Professional Conduct Rule 8.4(b), which makes it professional misconduct for an attorney to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. The hearing officer recommends that the Court impose permanent disbarment.

Respondent did not file either a petition for review or brief on sanctions. The Commission filed a brief regarding sanctions on July 20, 2011, arguing in favor of disbarment. Respondent filed nothing in response. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

## Discussion

Disbarment, which permanently strips an attorney of the privilege of practicing law in this state, is reserved for the most serious misconduct. *See* Matter of Sniadecki, 924 N.E.2d 109, 120 (Ind. 2010). The American Bar Association's Standards for Imposing Lawyer Sanctions (as amended in 1992) ("Standards") advises that disbarment is generally appropriate when:

> a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or **the intentional killing of another; or an attempt** or conspiracy or solicitation of another **to commit any of these offenses** . . . .

Standard 5.11(a) (emphasis added).

2

Because Respondent did not file an answer to the verified complaint, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). The probable cause affidavit attached to the complaint indicates that Respondent lured his victim, attorney Edward O. Delaney, to a meeting using a false name, ostensibly to discuss the sale of some property. Respondent then attempted to shoot the victim, but the gun malfunctioned. He then beat the victim and took his wallet before running away. The probable cause affidavit indicates that Respondent may have been motivated by a grudge based on the victim's involvement in a legal action against Respondent's father years earlier.

In his criminal case, Respondent professed innocence of the charges by asserting the defense was that he was not guilty by reason of insanity. The jury rejected this defense, instead finding that Respondent was guilty of the criminal charges but suffering from some unspecified mentally illness. "While illness may be a mitigating factor in determining the nature of a sanction, an attorney may not use illness as an excuse to violate the Professional Rules of Conduct." <u>Matter of Sullivan</u>, 850 N.E.2d 908, 980-09 (Ind. 2006). The Court has been reluctant to give much weight to illness as a mitigating factor when the respondent fails to provide information concerning his or her diagnosis or treatment. <u>See id.</u>; <u>Matter of Thomsen</u>, 911 N.E.2d 575 (Ind. 2009). In the current disciplinary case, Respondent has not formally asserted mental illness as a mitigating factor, let alone provided any information regarding his mental condition, either at the time of the incident in question or at the present time.

Under these circumstance, we conclude that Respondent's conviction of five crimes, several of which were violent felonies that included attempted murder, warrants an order of permanent disbarment from the practice of law in this state.

### <u>Conclusion</u>

The Court concludes that Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing criminal acts, including attempted murder, that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Respondent is already under an order of interim suspension effective July 5, 2010. For Respondent's professional misconduct, the Court now permanently disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur, except Sullivan, J., who did not participate in this case.