The PEOPLE of the State of Colorado, Complainant

v.

Leland Thomas KINTZELE Jr., Respondent

Case Number: 15PDJ041

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

August 25, 2017

---

64. 911 P.2d at 643.

65. *Id.* at 642-43.

## OPINION AND DECISION IMPOSING SANCTIONS UNDER C.R.C.P. 251.19(c)

WILLIAM R. LUCERO, PRESIDING DISCIPLINARY JUDGE

In May 2015, Leland Thomas Kintzele Jr. ("Respondent") was arrested on attempted murder charges. On February 3, 2017, Respondent pleaded guilty to the class-three felony of attempted second-degree murder. He was sentenced to twenty years in prison, followed by five years of mandatory parole. Respondent's criminal conduct violated Colo. RPC 8.4(b) and C.R.C.P. 251.5(b). He must be disbarred.

1. On September 9, 2015, the Court, relying on C.R.C.P. 251.32(g), placed this case in abeyance pending resolution of Respondent's criminal prosecution.

2. See C.R.C.P. 251.15(b); *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987).

3. See C.R.C.P. 251.1(b).

## I. PROCEDURAL HISTORY

On July 10, 2015, the Colorado Supreme Court immediately suspended Respondent from the practice of law under C.R.C.P. 251.8. Jacob M. Vos, Office of Attorney Regulation Counsel ("the People"), filed a complaint with the Presiding Disciplinary Judge ("the Court") on April 6, 2017.[1] On the same day, the People sent copies of the complaint to Respondent at his registered business address and his last-known address. He failed to answer, and the Court granted the People's motion for default on May 26, 2017. Upon the entry of default, the Court deemed all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[2]

On August 18, 2017, the Court held a sanctions hearing under C.R.C.P. 251.15(b). Vos represented the People; Respondent did not appear. The People's exhibits 1-4 were admitted into evidence.

## II. ESTABLISHED FACTS AND RULE VIOLATIONS

Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on May 19, 1975, under attorney registration number 06389. He is thus subject to the Court's jurisdiction in this disciplinary proceeding.[3]

On May 15, 2015, Respondent was arrested on attempted murder charges.[4] He was accused of repeatedly attacking his wife, first with a hatchet and then with a kitchen knife, before stabbing himself.[5] On February 3, 2017, Respondent pleaded guilty to attempted second-degree murder, a class-three felony, in violation of C.R.S. §§ 18-3-103(1) (murder in the second degree) and 18-2-101 (criminal attempt).[6] Respondent was sentenced to twenty years in prison, followed by

4. See Ex. 3.

5. See Ex. 1.

6. See Ex. 4. A felony is denominated a serious crime under C.R.C.P. 251. 20(e).

five years of mandatory parole.[7] The remaining counts were dismissed with prejudice.[8]

Through this criminal conduct, Respondent violated Colo. RPC 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.[9]

## III. SANCTIONS

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* ("ABA *Standards*")[10] and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[11] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the misconduct. These three variables yield a presumptive sanction that may be adjusted based on aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty*: Respondent violated his duty to uphold the laws of the State of Colorado, breaching the most fundamental duty that a lawyer owes the public: "the duty to maintain standards of personal integrity upon which the community relies."[12]

*Mental State*: Respondent's conduct was intentional.

*Injury*: Respondent nearly killed his wife and brought ignominy on the legal profession by engaging in this heinous act of domestic violence.

### ABA *Standards* 4.0-7.0—Presumptive Sanction

Here, disbarment is the presumptive sanction under ABA *Standard* 5.11, which applies when a lawyer engages in serious criminal conduct, a necessary element of which includes the attempted intentional killing of another.

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

■ Aggravating circumstances include any considerations or factors that may justify an increase in the degree of the presumptive sanction to be imposed, while mitigating circumstances may warrant a reduction in the severity of the sanction.[13] Three aggravating factors are present here: Respondent has a prior disciplinary record, he has substantial experience in the practice of law, and he engaged in illegal conduct.[14] The Court is aware of just two mitigating factors: imposition of other penalties or sanctions, and remoteness of prior offenses.[15]

### Analysis Under ABA *Standards* and Colorado Case Law

■ The Court recognizes the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[16] mindful that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases."[17] Though prior cases are

---

7. Ex. 4.

8. *See* Ex. 4.

9. C.R.C.P. 251.5(b) states that grounds for discipline includes any criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

10. Found in ABA *Annotated Standards for Imposing Lawyer Sanctions* (2015).

11. *See In re Roose*, 69 P.3d 43, 46-47 (Colo. 2003).

12. ABA *Standard* 5.0.

13. *See* ABA *Standards* 9.21 & 9.31.

14. ABA *Standards* 9.22(a), (i), and (k).

15. ABA *Standards* 9.32(k) and (m).

16. *See In re Attorney F.*, 285 P.3d 322, 327 (Colo. 2012); *In re Fischer*, 89 P.3d 817, 822 (Colo. 2004) (finding that a hearing board had overemphasized the presumptive sanction and undervalued the importance of mitigating factors in determining the needs of the public).

17. *In re Attorney F.*, 285 P.3d at 327 (quoting *In re Rosen*, 198 P.3d 116, 121 (Colo. 2008)).

helpful by way of analogy, the Court is charged with determining the appropriate sanction for a lawyer's misconduct on a case-by-case basis.

 Here, the presumptive sanction is disbarment. This sanction has consistently been imposed in the few cases in which lawyers were convicted of murder or attempted murder.[18] Taking into consideration the balance of aggravators and mitigators, the Court sees no reason to depart from the presumptive sanction in this case.

## IV.  CONCLUSION

Respondent nearly killed his wife by brutally attacking her with a hatchet and a kitchen knife. Disbarment is the only condign sanction for such an act of violence.

## V.  ORDER

The Court therefore **ORDERS:**

1.  **LELAND THOMAS KINTZELE JR.,** attorney registration number **06389,** will be **DISBARRED FROM THE PRACTICE OF LAW.** The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment." [19]

2.  To the extent applicable, Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.

3.  Respondent also **SHALL** file with the Court, within fourteen days of issuance of the "Order and Notice of Disbarment," an affidavit complying with C.R.C.P. 251.28(d), requiring an attorney to file an affidavit with the Court setting forth pending matters and attesting, inter alia, to notification of clients and other jurisdictions where the attorney is licensed.

4.  The parties **MUST** file any posthearing motions **on or before Friday, September 8, 2017.** Any response thereto **MUST** be filed within seven days.

5.  The parties **MUST** file any application for stay pending appeal **on or before Friday, September 15, 2017.** Any response thereto **MUST** be filed within seven days.

6.  Respondent **SHALL** pay the costs of this proceeding. The People **SHALL** file a statement of costs **on or before Friday, September 8, 2017.** Any response thereto **MUST** be filed within seven days.

---

**18.** *See, e.g., People v. Draizen,* 941 P.2d 280, 281 (Colo. 1997) (disbarring a lawyer who was convicted in Hawaii of second-degree murder after stabbing his girlfriend more than twenty times with a butcher knife); *In re Farren,* 118 A.3d 217, 218 (D.C. 2015) (disbarring a lawyer after his conviction for attempted murder, which the court deemed a crime of moral turpitude per se); *Kentucky Bar Ass'n v. Thomas,* 999 S.W.2d 712, 713 (Ky. 1999) (permanently disbarring a lawyer who was found guilty of attempted murder and first-degree manslaughter); *In re Mendenhall,* 959 N.E.2d 254, 256 (Ind. 2012) (disbarring a lawyer convicted of attempted murder, among other felonies, even though the jury found that the lawyer suffered from some unspecified mental illness).

**19.** In general, an order and notice of sanction will issue thirty-five days after a decision is entered under C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.